# JAMES E. BROWN & ASSOCIATES PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Marshall Lammers° |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Tilman L. Gerald | Facsimile: (202) 742-2098 | |

\* Admitted in Maryland Only      e-mail: Admin@Jeblaw.biz      ! Admitted in Bolivia Only

June 27, 2005

Terry Michael Banks, Esq.
Independent Hearing Officer
Care of Student Hearing Office
825 North Capitol St., NE, 8th floor
Washington, D.C. 20002
**By Hand**

> RE: **Emilio Catalan DOB: 9/1/99 – Response to DCPS's late disclosure of speech and language evaluation, progress reports and encounter tracker forms**

Dear Mr. Banks:

During the Due Process Hearing on June 20, 2005, you decided, with parent's consent, to allow District of Columbia Public Schools ("DCPS") to have additional time to submit documents to corroborate Ms. Claudina Barrera's testimony that she had provided Emilio with the 135 minutes per week of speech and language therapy that was called for by his IEP dated June 24, 2004. I received those documents at approximately 4:30 p.m. on June 24, 2005, and now respectfully submit this response.

1. **Whether the IEP dated June 24, 2004 intended or contemplated for two of Emilio's three speech and language sessions to be provided on the same day**

   As was made clear at the hearing, Emilio's IEP dated June 24, 2004, states that he is to receive speech and language therapy three times a week for forty-five minutes. During her testimony, Ms. Barrera, the speech and language therapist, artfully stated that the IEP did not require that the three sessions be on separate days of the week and therefore it was perfectly acceptable and appropriate for her to have provided two of the sessions on the same day. A review of the encounter tracker forms submitted by DCPS on June 24th, confirms part of Ms. Barrera's testimony that she indeed provided two of the three weekly speech and language sessions on the same day. It is the parent's position, however, that this in and of itself represents a violation of the IEP, which called for three forty-five minute sessions per week on separate days.

◊ *Of Counsel. Practicing pursuant to Rule 49 (c)(6) of the D.C. Court of Appeals.*
° *Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar.*

The testimony and documents submitted support the parent's assertion that it was unreasonable to provide two of Emilio's weekly speech and language sessions on the same day. Ms. Barrera testified that one of Emilio's problems is that he would get tired about thirty minutes into the sessions. In fact, at the MDT meeting on May 12, 2005, the notes, which are in the record, reveal that Ms. Barrera was actively lobbying the rest of the team to cut the time of Emilio's speech and language sessions down to thirty minutes because he would get tired after about thirty minutes. At the same time, two speech and language reports written by Ms. Barrera, and submitted on June 24, 2005 with the tracker forms, indicate that Emilio has severe language delays. It makes absolutely no sense to the parent for Ms. Barrera to have doubled up Emilio's speech and language sessions and continued with that scheme while at the same time being well aware of his getting tired after thirty minutes. It makes even less sense for Ms. Barrera to then state at the MDT on May 12th, that Emilio's sessions should be cut to thirty minutes because of his tendency to get tired.

When asked during cross-examination why she simply did not provide the sessions on three separate days, Ms. Barrera testified that her schedule did not permit her to be at the school on three separate days a week. When questioned regarding the days when the two sessions were provided, Ms. Barrera testified that the sessions were provided back to back in the morning with apparently little if any break. She further testified that she could not provide the second session in the afternoon due to her having to be at another school. It would appear then, that Ms. Barrera's decision to double up the speech and language sessions was entirely based on convenience to her schedule and not based on Emilio's actual speech and language needs, which Ms. Barrera describes as "severe' in her own reports, which were submitted by DCPS counsel on June 24th.

In addition, Ms. Barrera's excuse that the IEP dated June 24, 2004 did not require that the three sessions be provided on separate days is absurd. While it may be true that the IEP does not explicitly specify that the three speech and language sessions need to be on separate days, common sense, and the mother's testimony, dictates that that is what was intended. During her testimony, Ms. Catalan testified that she was present at the MDT meeting on June 24, 2004, when the IEP was developed and that her understanding of what was discussed was that the three speech and language sessions were to be provided on separate days. Ms. Barrera testified that she was <u>not</u> present on June 24, 2004, when the IEP was developed, such that she had <u>no</u> direct knowledge of what was meant by the IEP specifying that Emilio was to receive three 45 minute sessions of speech and language per week.

As for the assertion that common sense calls for the conclusion that the sessions be provided on separate days, a simple comparison will help make this point. Nothing in the IEP specifies that Emilio's speech and language services should not be provided in say Chinese; however, no one with any common sense would suggest that providing such services in Chinese is reasonable. Closer on point, nothing in the IEP explicitly specifies that Emilio's speech and language therapy should be bilingual or exclusively in English. Yet here, Ms. Barrera seems to have been perfectly capable of drawing upon her common sense and providing the speech and language therapy bilingually as was intended. Why then did Ms. Barrera defend her scheme, to provide two sessions during the same morning,

by claiming that nothing in the IEP required the sessions on separate days? Does she have enough common sense to provide the services bilingually, despite it no being specified in the IEP, but lack the common sense to realize that Emilio's severe speech and language needs and IEP call for sessions on three separate days? To follow Ms. Barrera's logic, then one would have to then conclude that it is reasonable to provide all three 45-minute speech and language sessions on the same day!

The parent does not believe that Ms. Barrera lacks sufficient common sense to know that the IEP intended for the sessions to be on three separate days. What the parent does believe to be the logical reason for providing two sessions during the same morning is that Ms. Barrera has a very tight schedule, which only permitted her to be at the school two mornings a week. However, rather than call for an MDT meeting with the parent early in the year to address this problem, Ms. Barrera, on her own, decided to provide two of the sessions on during the same morning to accommodate her schedule. This went on from November 2004, until May 12, 2005, without the parents being made aware. When questioned, rather than come clean, Ms. Barrera absurdly put forth this weak excuse that the IEP did not specify that the all the sessions be on separate days.

2. **Even if Ms. Barrera's scheme of providing two speech and language sessions during the same morning is deemed appropriate, DCPS has still failed to provide the full 135 minutes of speech and language per week as called for by the IEP dated June 24, 2004.**

A careful review of the speech and language encounter tracker forms submitted by DCPS to parent's counsel on June 24, 2005, reveals that DCPS failed to provide Emilio with the full 135 minutes of speech and language therapy per week as called for by his IEP dated June 24, 2004:

- The tracker forms reveal that for the entire school year, Ms. Barrera provided Emilio with a total of 28.5 hours of speech and language therapy. [the parent disputes approximately three hours of sessions on 12/9/04; 12/17/04; 1/18/05; and 1/25/05 as these sessions involved assessment time, not therapy, or so called "co-sessions" with the physical therapist]
- There are approximately 35 weeks of school in the school year from September 1, 2004 to approximately June 23, 2005, during which classes are in session. [This figure takes into account two weeks of holiday for Christmas, one week for spring break, half a week for thanksgiving, and about a week and half of miscellaneous days off for holidays and staff training.]
- It is not disputed that Emilio began at Tubman Elementary at the end of October 2004, such that he was at the school for only 27 weeks this year. [35wks minus 8wks in Sept and Oct = 27wks]
- It is also not disputed that Emilio was hospitalized for approximately six weeks in March and April 2005 such that he was unavailable those weeks for services and such that he was only really available for about 21 weeks of school at Tubman.

3

- Emilio's IEP called for 135 minutes or 2.25 hours of speech and language therapy per week. This means that when totaling up the services, Emilio should have received 47.25 hours of speech and language therapy for this school year, November 2004 until June 23, 2005 minus the weeks specified above. [2.25 hrs/wk multiplied by 21 wks]
- The problem is that per her own encounter tracker forms, Ms. Barrera only provided 28.5 hours or services for this school year such that Emilio missed out on 18.75 hours that he should have received. [47.25hrs/wk minus 28.5 hrs actually provided = 18.75 hrs missed]

Many of the tracker forms show weeks were Ms. Barrera did not provide services either because she was at another student's MDT, in training, absent, or the school was closed on a particular day. The parent believes that missing those sessions was inappropriate for Emilio in that DCPS should have made them up on another day during the same week in question. In other words, the IEP calls for 2.25 hours per week. If a particular day is missed for say another student's MDT meeting, then the parent asserts that it is upon DCPS to make up that session on another day that same week.

### Conclusion

The parents assert that Emilio's speech and language needs are severe; that it was inappropriate for DCPS to provide two of Emilio's speech and language sessions back-to-back on the same morning; that this scheme caused Emilio to get tired and not benefit from the sessions; and that the IEP clearly intended for the sessions to be on three separate days. The parent also asserts that the total number of hours of speech and language therapy actually provided this passed school year is approximately eighteen hours less than what should have been provided and that Emilio should be entitled to receive compensatory education in the form of 18.75 hours or speech and language therapy given his severe needs.

Respectfully submitted,

Miguel A. Hull
Parents' counsel

Attachements:   Bilingual Speech and Language Reevaluation 10/29/02;
Bilingual Speech and Language Reevaluation 12/17/04;
Speech and Language Therapy Progress Report; and
Speech and Language Encounter Tracker Forms 11/04-6/05.

CC:   Rashida Chapman, Esq. DCPS Office of the General Counsel

4

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                    2807
CONNECTION TEL                              94425098
CONNECTION ID               OFF.OF GENERAL C
ST. TIME                    06/27 13:18
USAGE T                     00'55
PGS. SENT                   5
RESULT                      OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown<br>Domiento C.R. Hill*◊∆<br>Brenda McAllister*◊∆<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West♦◊ | Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098 | Juan J. Fernandez!<br>Tilman L. Gerald<br>Roxanne D. Neloms<br>John A. Straus<br>Dolores S. McKnight<br>Marshall Lammers° |
| ※ Admitted in Maryland Only<br>♦ Admitted in New York Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only<br>∆ Member of the DC Federal Bar |

# FAX COVER SHEET

DATE:       June 27, 2005

TO:         Rashida Chapman, Esq.
            Office of the General Counsel
            District of Columbia Public Schools

TEL NO.:    202 442-5000

FAX NO.:    202 442-5098/97

FROM:       Miguel A. Hull, Esq.

SUBJECT:    **Emilio Catalan DOB: 9/1/99 – Response to DCPS's late disclosure of speech and language evaluation, progress reports and encounter tracker forms**

NUMBER OF PAGES INCLUDING COVER SHEET:    FIVE

COMMENTS:

```
                    ************************
                    ***    TX REPORT      ***
                    ************************

TRANSMISSION OK

TX/RX NO                    2808
CONNECTION TEL                              94425097
CONNECTION ID
ST. TIME                    06/27 13:21
USAGE T                     00'50
PGS. SENT                   5
RESULT                      OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊∆ | 1220 L Street, NW | Tilman L. Gerald |
| Brenda McAllister*◊∆ | Suite 700 | Roxanne D. Neloms |
| Roberta Gambale | Washington, DC 20005 | John A. Straus |
| Miguel A. Hull | Telephone: (202) 742-2000 | Dolores S. McKnight |
| Christopher L. West◆◊ | Facsimile: (202) 742-2098 | Marshall Lammers° |
| | | |
| * Admitted in Maryland Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |
| ◆ Admitted in New York Only | | ∆ Member of the DC Federal Bar |

# FAX COVER SHEET

DATE:        June 27, 2005

TO:          Rashida Chapman, Esq.
             Office of the General Counsel
             District of Columbia Public Schools

TEL NO.:     202 442-5000

FAX NO.:     202 442-5098/97

FROM:        Miguel A. Hull, Esq.

SUBJECT:     **Emilio Catalan DOB: 9/1/99 – Response to DCPS's late disclosure of speech and language evaluation, progress reports and encounter tracker forms**

NUMBER OF PAGES INCLUDING COVER SHEET:    FIVE

COMMENTS: