# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| EMILIO CATALAN, STUDENT | ) | |
| Date of Birth: September 1, 1999 | ) | |
| Petitioner, | ) | Hearing Date: June 20, 2005 |
| v. | ) | Request for Hearing: May 13, 2005 |
| THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS | ) ) | |
| Respondent. | ) | Held at: 825 North Capitol Street, N.E. 8th Floor Washington, D.C. 20002 |
| Student Attending: Tubman Elementary School | ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Adelberto and Patricia Catalan 1829 Phelps Place, N.W.; #1 Washington, D.C. 20008 |
| Counsel for Petitioner: | Miguel A. Hull, Esquire James E. Brown & Associates 1220 L Street, N.W. Suite 700 Washington, D.C. 20005 (202) 742-2000; Fax: (202) 742-2098 |
| Counsel for DCPS: | Rashida J. Chapman, Esquire Office of the General Counsel, DCPS 825 North Capitol Street, N.E.; 9th Floor Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Child's Name | Emilio Catalan |
| Child's Parent(s) (specific relationship) | Adelberto and Patricia Catalan |
| Child/Parent's Representative | Miguel A. Hull, Esquire |
| School System's Representative | Rashida J. Chapman, Esquire |
| Interpreter | Patricia Garcia |
| Bilingual Speech Pathologist, DCPS | Claudina Berrera |
| Educational Advocate | Juan J. Fernandez |

2

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a five year-old student attending Tubman Elementary School ("Tubman"). On May 13, 2005 Petitioner filed a *Request for Hearing* ("*Request*" or "*Petition*") alleging that the District of Columbia Public Schools ("DCPS") failed to provide speech and language services and vision services. The due process hearing was convened on June 20, 2005. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. In his opening statement, Petitioner's counsel withdrew the allegation relating to vision services. The hearing officer left the hearing record open until June 23, 2005 for DCPS to provide Petitioner's latest speech and language evaluations and encounter tracking forms related Petitioner's speech services, and until June 28th for counsel to file written comments on the significance of the records. On June 24th, counsel for DCPS filed the additional documentation. The encounter tracking forms were admitted into evidence as DCPS' Exhibit No. 1, the speech and language evaluations were admitted as DCPS Exhibit Nos. 2 and 3, and Petitioner's February 14, 2005 speech and language progress report was admitted as DCPS Exh. No. 4.[1] On June 27, 2005, counsel for Petitioner filed a *Response to DCPS' late disclosure of speech and language evaluation, progress reports and encounter tracking forms*. Counsel's memorandum challenges DCPS' providing Petitioner more than one session per day due to the pathologist availability only two days per week, and argues that DCPS did not provide the full amount of speech services prescribed in the Individualized Education Program ("IEP").

**Witnesses for DCPS**

    Claudina Berrera, Bilingual Speech Pathologist

**Witnesses for Petitioner**

    Petitioner's Mother

---

[1] In his closing argument, counsel for Petitioner expressed support for the production of the encounter tracking forms.

3

**Findings of Fact**

1. Petitioner is a five year-old student attending Tubman.[2]

2. On June 24, 2004, DCPS convened a Multidisciplinary Team ("MDT"), meeting. The MDT classified Petitioner with multiple disabilities and prescribed one hour per week of physical therapy, three 45-minute sessions per week of speech and language services, one hour per week of occupational therapy, one hour per week of vision therapy, and 30 minutes per week of psychological counseling.[3]

3. Petitioner enrolled at Tubman in late October 2004.[4]

4. Ms. Berrera began providing speech and language services on November 4, 2004.[5] Ms. Berrera provides services at Tubman twice per week; to comply with Petitioner's IEP, she provided services in three sessions on the two days. Ms. Berrera provided services until June 16, 2005.[6]

5. Typically, Petitioner tires after about twenty minutes of speech therapy.[7]

**Conclusions of Law**

The record reveals that Ms. Berrera provided Petitioner speech services on a consistent basis from the time Petitioner arrived at Tubman until the end of the school year. Petitioner's counsel argues that Petitioner was denied the services to which he was entitled, because Ms. Berrera provided twice-daily sessions to accommodate her schedule at Tubman, Petitioner did not receive all of the sessions to which he was entitled, and did not always receive the 45 minutes of therapy to which he was entitled.

The hearing officer concludes that Ms. Berrera's unilateral modification of Petitioner's speech and language services did not deprive Petitioner of a free appropriate public education ("FAPE"). First, the February progress report and Ms. Berrera's testimony reveal that Petitioner made progress on or achieved all but one of his goals for the 2004-2005 school year. Second, Ms. Berrera provided services on a consistent basis from November 4, 2004 to the end of the 2004-2005 school year. Some of the time Petitioner missed was due to his absences, some was due to school closures due to inclement weather, and some was due to Ms. Berrera's unavailability. However, the encounter tracking forms reveal that Petitioner received services on a consistent basis from the time he entered Tubman. Third, Ms. Berrera found that Petitioner typically tired

---

[2] *Request* at 1.
[3] Petitioner's Exhibit ("P.Exh.") No. 4 at 1.
[4] Stipulation by Petitioner's counsel.
[5] DCPS Exh. No. 1.
[6] Testimony of Ms. Berrera.
[7] *Id.*; DCPS Exh. No. 4 at 2.

4

after twenty minutes of therapy. The hearing officer believes that it would be unreasonable to require a service provider to continue a session when, in his or her professional opinion, the session has reached the point of diminishing returns. Therefore, the hearing officer does not conclude that Ms. Berrera's decision to terminate sessions short of the 45 minutes prescribed in Petitioner's IEP constituted a deprivation of FAPE. Third, the hearing officer does not conclude that twice daily sessions deprived Petitioner of FAPE. Again, the hearing officer is persuaded that Petitioner received services on a regular basis from the time he entered Tubman, derived educational benefit, and made progress. Thus, in Petitioner's case, there is nothing in the record to suggest that twice daily sessions are inherently inferior to sessions on separate days.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 1st day of August 2005, it is hereby

**ORDERED**, that the Petition is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

5

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[8]

*signature*

Terry Michael Banks
Hearing Officer

Date: August 1, 2005

Issued: 8-1-05

Copies to:

Miguel A. Hull, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Rashida J. Chapman, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[8] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

6