UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| E.C. (a minor) by his parents Adalberto Catalan and Patricia Catalan, | ) ) ) ) |  |
| Plaintiffs, | ) |  |
| v. | ) | Case Number 05-1733 (HHK) |
| DISTRICT OF COLUMBIA, et al. | ) |  |
| Defendants. | ) |  |

ANSWER TO THE COMPLAINT

First Defense

This complaint fails to state a claim upon which relief can be granted.

Second Defense

1. Defendants admit the existence of the statutory authorities alluded to in paragraphs numbered 1, but deny that jurisdiction is necessarily conferred on the Court solely by reason thereto.

2.  Defendants admit the existence of the statutory authority alluded to in paragraph numbered 2, but deny that venue is necessarily proper solely by reason thereto.

3.  Defendants lack sufficient information to admit that plaintiffs were residents of the District of Columbia for all times relevant to the filing of this suit. Defendants admit that this action was brought by the parents on behalf of their son.

4. Defendants admit that E.C. was born on September 1, 1999 and currently resides with his parents in the District of Columbia.

5. Defendants admit the allegation that the District of Columbia is a municipal corporation. The remaining allegations contained in paragraph numbered 5 are conclusions of law and fact of the pleader to which no response is required. If a response is required then the same are denied.

6. Defendants admit that Clifford Janey is the Superintendent of the District of Columbia Public Schools. The remaining allegations contained in paragraph numbered 6 are conclusions of law and fact of the pleader to which no response is required. If a response is required then the same are denied.

7. Defendants admit the District of Columbia Public Schools ("DCPS") is the municipal agency charged with providing a FAPE to all disabled children in the District of Columbia.

8. Defendants admit E.C. attends Tubman Elementary School. The remaining allegations contained in paragraph numbered 8 are conclusions of fact of the pleader to which no response is required.

9. Defendants admit E.C. is currently classified with multiple disabilities and his June 24, 2004 IEP notes he should receive one hour per week of physical therapy; three forty-five minute sessions per week of speech and language therapy; one hour per week of occupational therapy; one hour per week of vision therapy and 30 minutes a week of psychological counseling.

10. Defendants admit DCPS convened a Multi-Disciplinary Team ("MDT") meeting for E.C. on May 12, 2005. The remaining allegations contained in paragraph

numbered 10 are conclusions of fact of the pleader to which no response is required. If a response is required then the same are denied.

11. The allegations contained in paragraph numbered 11 are conclusions of fact of the pleader to which no response is required. If a response is required then the same are denied.

12. Defendants admit plaintiffs filed a Due Process Hearing Request on May 13. 2005.

13. Defendants admit DCPS submitted a disclosure letter dated June 13, 2005.

14. Defendants admit that on June 13, 2005 plaintiffs submitted a disclosure packet.

15. Defendants admit E.C.'s mother appeared before Hearing Officer Terry M. Banks for a due process hearing that had been scheduled pursuant to the Hearing Request filed on May 13, 2005.

16-20. The allegations contained in paragraphs numbered 16 through 20 are conclusions of law and fact of the pleader to which no response is required. If a response is required then the same are denied.

21. Defendants admit plaintiffs' receipt of the post hearing submission which consisted of Exhibit Nos. 6 through 11.

22. Defendants admit they received a written submission from plaintiffs dated June 27, 2005.

23. Defendants admit the HOD was issued on August 1, 2005 and that the HO dismissed the plaintiffs' claims with prejudice.

24. Defendants incorporate by reference their answers to paragraphs numbered 1 through 23.

25-27. The allegations contained in paragraphs numbered 25 through 27 are conclusions of fact of the pleader to which no response is required.

28-37. The allegations contained in paragraphs numbered 28 through 37 are denied.

Further answering the complaint, defendants deny all allegations not specifically admitted or otherwise answered and all allegations of wrongdoing.

## THIRD DEFENSE

Plaintiffs have failed to exhaust their administrative remedies on all pertinent issues.

## FOURTH DEFENSE

Plaintiffs complaint is barred by the applicable statute of limitations or laches.

## FIFTH DEFENSE

Plaintiffs right to attorney fees and costs are strictly limited.

ROBERT J. SPAGNOLETTI,
Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

        /s Maria Merkowitz
MARIA MERKOWITZ, [312967]
Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S
Washington, D.C. 20001
(202) 442-9842
FAX – (202) 727-3625

December 28, 2005