IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERTO CATALAN, et ux., : <br> Parents and next friend of E.C., a minor : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> DISTRICT OF COLUMBIA, et al., : <br> : <br> Defendants. : <br> : <br> : | Civil Action No. 05-cv-1733(HHK) |

**PLAINTIFFS' STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO DISPUTE**

1. That E.C. is classified as a special education student with multiple disabilities stemming from being other health impaired.(See Individualized Education Program, Admin. Record @ 43-55).

2. That the Individualized Educational Program developed for E.C. on June 24, 2004, by his Multi-disciplinary Team provided that E.C. was to receive, among other special education services, three (3) forty-five (45) minute sessions of speech/language therapy weekly. (See Admin. Record @ 43-55, and 127 ).

3. That E.C. begin attending the Tubman Elementary School in October 2004.(See Admin. Record ).

4. That Claudina Barrera, a speech/language pathologist employed by DCPS, commenced providing speech/language therapy to E.C. on November 4, 2004. (See Admin. Record @ 131, 132).

5. That E.C. did not received 45 minute speech/language therapy sessions from Ms. Barrera on three separate days weekly.(See Admin Record 128).

6. That Ms. Barrera was assigned to the Tubman Elementary School two (2) days per week, namely Tuesdays and Thursdays until 12:00 p.m..(see Admin. Record 133, 134).

7. That E.C. received speech./language therapy from Ms. Barrera on Tuesday and Thursday weekly before 12:00p.m.(see Admin. Record @ 134).

8. That Ms. Barrera gave E.C. double sessions on one of the days that she was at Tubman Elementary School.( See Admin. Record @ 85-104,135).

9. That some the speech language therapy sessions provided by Ms. Barrera were group sessions involving as many as four other students.(See Admin. Record @ 85-104).

10. That although Ms. Barrera testified that E.C. tired easily thereby limiting the therapy sessions specified in the IEP; she did not note in the Encounter Tracking Forms that E.C. tired easily.(See Admin. Record @85-104).

11. That Ms. Barrera did not attend or other wise participate in the development of the June 24, 2004 IEP for E.C.(See Admin. Record @136).

12. That Ms. Barrera did not provide the 45 minute therapy sessions to E.C. on three different days per week because she had other responsibilities.( See Admin. Record @137).

13. That Ms. Barrera has two (2) years experience as a speech/language pathologist. (See Admin. Record @ 126).

14. That Ms. Barrera testified that E.C. would become tired within twenty minutes after she had initiated the therapy sessions. (See Admin. Record @ 4, 5).

15. That in the Speech/Language Notes of the May 12, 2005 MDT meeting, it is noted

that twenty (20) to thirty (30) minutes after therapy is initiated E.C. appears physically tired and he often refuses to participate. (See Admin Record @ 33, 84).

16.     That prior to May 12, 2005, Plaintiffs were never advised that the speech/language therapy sessions were being delivered in two days rather than three days.(See Admin. Record @ 150).

17.     That Ms. Barrera testified that she did not know if the MDT team which developed E.C.'s IEP meant for the three (3) therapy session to occur on three separate days.(See Admin. Record @ 136).

18.     That E.C. should have received 47.5 hours of speech/language therapy from November 4, 2004 to June 23, 2005, but E.C. received only 28.5 hours of therapy from Ms. Barrera.(See Admin. Record @68-69).

19.     That as of the December 17, 2004 re-evaluation performed by Ms. Barrera, E.C. was found to have severely delayed speech and language skills.  She recommended continuation of speech and language services.(See Admin. Record @ 77)

Respectfully Submitted,

/s/
Tilman L. Gerald, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 2000
(202)742-2000
**Attorneys for Plaintiffs**