UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALABERTO CATALAN, et al.,<br>Parents and next friends of E.C.,<br>a minor,<br>            Plaintiffs,<br><br>       v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>            Defendants. | Civil Action 05-01733 (HHK) |

MEMORANDUM OPINION

By this action, the parents of E.C., a minor child, challenge the administrative decision of a Hearing Officer regarding the provision of educational services to E.C. pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). Before the court are plaintiffs' motion and defendants' cross-motion for summary judgment. Upon consideration of the motions, the oppositions thereto, and the record of this case, the court determines that defendants' cross-motion must be granted and plaintiffs' motion must be denied.

I. BACKGROUND

A.      Statutory Framework

Congress enacted IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). IDEA provides funding and assists states and the District of

Columbia in implementing a "comprehensive, coordinated, multidisciplinary, interagency system of early intervention services for infants and toddlers with disabilities and their families." *Id.* § 1400(d)(2). IDEA's free appropriate public education ("FAPE") provision entitles each disabled student to an individualized education program ("IEP") and educational services tailored to the unique needs of each disabled child. *See* 20 U.S.C. §1414(d)(2)(A) ("At the beginning of each school year, each [jurisdiction] shall have in effect, for each child with a disability in its jurisdiction, an individualized education program . . . ."); 34 C.F.R. § 300.300(a)(3)(ii).

Parents who are dissatisfied with the substance or implementation of their child's IEP may request an administrative due process hearing before an independent hearing officer. 20 U.S.C. § 1415(f)(1). The hearing officer's determination may be challenged in federal district court. *Id.* § 1415(i)(2). In reviewing an administrative determination under the IDEA, the district court "(i) shall receive the records of the administrative proceedings, (ii) shall hear additional evidence at the request of a party, and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.* § 1415(i)(2)(c). The reviewing court must give "due weight" to the hearing officer's determinations, *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982), but less deference is appropriate than is conventional in administrative proceedings, *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988). Where, as here, neither party seeks to present additional evidence, a motion for summary judgment "operates as a motion for judgment based on the evidence comprising the record." *Jenkins v. District of Columbia*, 2005 WL 3371048, at *2 (D.D.C. Dec. 12, 2005). The party challenging the administrative decision bears the burden of persuading the court to set aside the decision. *Kerkam*, 862 F.2d at 887.

**B.**     **Factual Background**

E.C. is a special education student with multiple disabilities. His IEP that is the subject of this suit, which was established for the time period of June 24, 2004, through May 12, 2005, sets forth a variety of educational goals and requirements. One of these requirements, in plaintiffs' view, was that E.C. receive three forty-five-minute sessions of speech and language therapy per week, each session on a separate day. The record shows that E.C. received less than this alleged requirement, due to (1) scheduling problems with his therapist (including the fact that in general, she could only be at his school two days per week, so she did three separate sessions on those two days) and (2) his therapist's determination, in various sessions, that E.C. was too tired and/or disengaged to warrant continuing therapy for the entire allotted period.

## II. ANALYSIS

The parties' motions present only one question. Plaintiffs do not challenge the substance of E.C.'s IEP, but rather argue that because he was not provided the required number of sessions of therapy on the required days of the week, and, at many sessions, was provided less than forty-five minutes of therapy, he did not receive a FAPE. Defendants disagree, contending that the failure to meet the IEP's specifications to the letter was warranted under the circumstances and did not deprive E.C. of a FAPE. The court agrees with defendants.

Though the D.C. Circuit has not squarely addressed the question of what standard to apply to failure-to-implement claims under IDEA, the consensus approach to this question among federal courts that have addressed it has been to adopt a standard articulated by the Fifth Circuit in *Houston Independent School District v. Bobby R.*, 200 F.3d 341, 348–49 (5th Cir. 2000). *See Schoenbach v. District of Columbia*, 309 F. Supp. 2d 71, 83 n.10 (D.D.C. 2004)

(citing *Bobby R.*); *J.P. ex rel. Peterson v. County Sch. Bd. of Hanover County, Va.*, 447 F. Supp. 2d 553, 567–68 (E.D. Va. 2006) (collecting cases); *Manalansan v. Bd. of Educ. of Baltimore City*, 2001 WL 939699, at *11–15 (D. Md. Aug. 14, 2001) (finding FAPE deprivation based on the standard articulated in *Bobby R.*); *Melissa S. v. Sch. Dist. of Pittsburgh*, 2006 WL 1558900, at *2 (3d Cir. June 8, 2006) (adopting *Bobby R.* standard); *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1027 n.3 (8th Cir. 2003) (citing *Bobby R.* with approval). In *Bobby R.*, the court wrote:

> [T]o prevail on a claim under the IDEA, a party challenging the implementation of an IEP must show more than a *de minimis* failure to implement all elements of that IEP, and, instead, must demonstrate that the school board or other authorities failed to implement substantial or significant provisions of the IEP. This approach affords local agencies some flexibility in implementing IEP's, but it still holds those agencies accountable for material failures and for providing the disabled child a meaningful educational benefit.

*Bobby R.*, 200 F.3d at 349. Thus, a court reviewing failure-to-implement claims under IDEA must ascertain whether the aspects of the IEP that were not followed were "substantial or significant," or, in other words, whether the deviations from the IEP's stated requirements were "material." *Ibid.*; *see also Schoenbach*, 309 F. Supp. 2d at 83 n.10 ("[F]ailure to implement all services outlined in an IEP does not constitute a *per se* violation of the IDEA.").

The court observes that the Fifth Circuit's language easily could be misread as contemplating an abstract inquiry into the significance of various "provisions" (however that term may be defined) of the IEP, rather than a contextual inquiry into the materiality (in terms of impact on the child's education) of the failures to meet the IEP's requirements. This is a subtle distinction, but, in this court's view, an important one. Very few, if any, "provisions" of an IEP will be insignificant or insubstantial, and the *Bobby R.* standard should not be read to allow

4

educators to distinguish in the abstract between important and unimportant IEP requirements. *See Van Duyn ex rel. Van Duyn v. Baker Sch. Dist.*, 2005 WL 50130, at *1 (D. Or. 2005) ("[A] child's IEP effectively is the 'constitution' guiding [her] special education."). To the contrary, all the requirements in an IEP are significant, and educators should strive to satisfy them. It is in the contextual, *ex post* analysis — i.e., whether the requirements are feasible and in the best interest of the child as she progresses — that questions of substantiality and significance arise.

The failures here were not material. E.C. received consistent speech therapy in accordance with his IEP, and the failure to follow the IEP's requirements to the letter was excusable under the circumstances. Technically, the IEP was violated: E.C.'s therapist missed a handful of sessions and cut others short because E.C.'s fatigue was rendering the therapy unproductive (other sessions did not take place due to snow days, holidays, E.C.'s absence from school, and the like).[1] After a thorough review of the record, however, the court determines that these failures were not substantial enough to constitute a FAPE deprivation. Plaintiffs have not persuaded the court that the hearing officer's decision to the same effect was in error, and the summary judgment in favor of defendants is therefore warranted.

---

[1] Plaintiffs contend that the therapy sessions should have been on three separate days. This was not required, however, by the IEP, which only required that three sessions take place per week. Plaintiffs question whether, given E.C.'s reported tendency to become fatigued after twenty minutes of therapy, it makes any sense to conduct multiple sessions per day, but they do not provide or point to evidence demonstrating that this schedule was inherently problematic. There is no evidence, for example, that the breaks between sessions gave E.C. insufficient time to recuperate and become prepared for more therapy, nor is there any other evidence that E.C.'s capacity to engage was negatively affected by the multiple-session-per-day schedule, rather than by other factors.

## III.  CONCLUSION

    For the foregoing reasons, the court grants summary judgment in favor of defendants.  An appropriate order accompanies this memorandum.

                                                       Henry H. Kennedy, Jr.
                                                       United States District Judge

Dated: March 22, 2007